UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Christian Jude Gagnon,                                    ) C/A No.: 4:11-2331-TLW-TER
                                                         )
        Plaintiff,                                       )
                                                         )
vs.                                                      )
                                                         )                **ORDER**
Greenville Cnty. Dtn. Center, SC;                        )
Lt. Robert Pendergrass;                                  )
Pop. Mng. Sgt. Dorreen Lewis;                            )
Sub. Staff Office Mr. Beeks; and                         )
Administrator Scott Bodiford,                            )
                                                         )
        Defendants.                                      )
_____        )

This is a civil action filed by a prisoner confined at a local detention center. This matter is before the Court because of Plaintiff's failure to comply with the magistrate judge's order (ECF No. 8) of September 20, 2011. A review of the record indicates that the magistrate judge ordered the Plaintiff to submit the items needed to render this case into "proper form" within twenty-one (21) days, and that if he failed to do so, this case would be dismissed *without prejudice*. Specifically, the magistrate judge directed Plaintiff to submit a summons and a separate Form USM-285 for each Defendant sued.

On September 20, 2011, the Office of the Clerk of Court mailed the "proper form" documents and a copy of the order of September 20, 2011, to Plaintiff at the address listed on the Complaint. On October 5, 2011, the envelope containing the copy of the order of September 20, 2011, and the "proper form" documents were returned by the United States Postal Service to the Clerk's Office as undeliverable.

Since Plaintiff, in the above-captioned case, has not provided this Court with a current address at which he can receive mail pertaining to his case, he has failed to prosecute this action. *Cf. Link v. Wabash Railroad Company*, 370 U.S. 626 (1962). Moreover, the United States Court of Appeals for the Fourth Circuit has upheld dismissals of cases where *pro se* litigants have not kept a Clerk's Office and opposing counsel informed of a change of address. *See*, *e.g.*, *Woltz v. Chater*, No. 95-2539, 74 F.3d 1235 [Table], 1996 WL 23314 (4th Cir. Jan. 23, 1996); and *cf. In Re Hebron*, No. 95-8012, 64 F.3d 657 [Table], 1995 WL 501350 (4th Cir. Aug. 25, 1995) (mandamus relief denied where *pro se* litigant failed to notify district court of his change of address). *Cf. also United States v. Battle*, 993 F.2d 49 (4th Cir. 1993) (failure to notify probation officer of change of address is a violation of terms of supervised release and may justify revocation of supervised release).

Accordingly, the above-captioned case is **DISMISSED** *without prejudice*.  The Clerk of Court shall close the file.[*]

       **IT IS SO ORDERED.**


                                    s/Terry L. Wooten

November 1, 2011                        TERRY L. WOOTEN

Florence, South Carolina           United States District Judge


### NOTICE OF RIGHT TO APPEAL

Plaintiff is, hereby, notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[*]Under the General Order (Misc. No. 3:07-MC-5014-JFA) filed on September 18, 2007, this dismissal *without prejudice* does *not* count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g).  If Plaintiff wishes to bring this action in the future, he should obtain new forms for doing so from the Clerk's Office in Columbia (901 Richland Street, Columbia, South Carolina 29201).